1  HOMER E. HAWKINS (3)
2  CDC. # ID. C-55875
3  IRONWOOD STATE PRISON
4  P.O. BOX = 2199
5  BLYTHE, CA. 92226

FILED
08 MAR 24 PM 1:04
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS (3), | No. C-07-5012 SI (pr) |
| Plaintiff, | REPLY FROM-ORDER |
| | TO SHOW CAUSE RE. |
| Vs. | |
| DEBORAH DEXTER, Warden, | |
| Defendants. | |

### INTRODUCTION

Homer E. Hawkins (3), is currently in custody at Ironwood State Prison, filed this pro se action for Declartory Judgement Act (Title, 28 U.S.C.A § 2201, 2202) pursuant to Habeas Corpus (28 U.S.C. § 2254). This petition is now before the district court for a answer/reply to "FORMA PAUPERIS [28 U.S.C. § 1915]".

### JURIDICTION

Remedies in United States District Court for seizure of person or property,

1. CASE No. C-07-5012 SI (pr)

3. including arrest, attachment, garnishment, replevin, sequestration, and other
4. corresponding or equivalent remedies, USCS Federal Rules of Civil Procedure,
5. (Rule - §42(a)(b); Rule - §57; Rule - §64; Rule - §82) of 28 U.S.C.
6. §1915·A(a) redress from a governmental entity. [10 Fed. Proc. L. Ed, Declaratory
7. Judgments §§ 23:64, 71].
8.     Courts have construed "Necessary in aid of its jurisdiction" exception
9. under 28 U.S.C. §1915, McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)
10. to put defendants fairly on notice against them. Quite Narrowly, finding threat to
11. court's jurisdiction only where state court proceeding threaten plaintiff rights. See
12. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual
13. defendant under §1983 only if plaintiff can show that defendant's proximately causes
14. deprivation of federally protected right's). The basis for federal in "Rem Juris-
15. diction or Where State Proceeding" threatens continuing violation, must be
16. directed at conduct which, left unchecked, would have had practical effect of dimi-
17. nishing court's power to bring declartory Judgement Act, Title - 28 U.S.C.A. §
18. 2201, 2202 to natural conclusion, and federal court should, however, enjoin state
19. court under "Necessary in aid of its jurisdiction", exception merely because con-
20. current state proceeding might result in judgment inconsistent with federal
21. court's Law's/and or decision." 28 Moore's Federal Practice (Matthew Bender 3d ed.),
22. Motion Attacking Sentence §§ 672.02, 672.10".

24.     EXECUTED THIS 20 DAY OF MARCH, 2008, AT
25. IRONWOOD STATE PRISON, BLYTHE, CALIFORNIA.
26.                                                     /s/ Homer E. Hawkins IV
27.                                                     Petitioner In Pro. Per.
28.                                              HOMER E. HAWKINS (S)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS,<br><br>      Plaintiff,<br><br>   v.<br><br>DEBORAH DEXTER, warden,<br><br>      Defendants. | No. C 07-5012 SI (pr)<br><br>**ORDER TO SHOW CAUSE RE.**<br>**CONTEMPLATED DISMISSAL** |

Homer E. Hawkins seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 in this action.

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d

1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Hawkins has filed many cases does not alone warrant dismissal under § 1915(g). See id. Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Hawkins' prior prisoner actions in this court reveals that Hawkins has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Hawkins is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Hawkins v. Marin County Jail Commissioners, N. D. Cal. Case No. C 01-3288 SI (civil action dismissed for failure to state a claim upon which relief may be granted); (2) Hawkins v. Oakland County Officer's Local Governing Bodi, N. D. Cal. Case No. C 02-4608 SI (civil action dismissed for failure to state a claim upon which relief may be granted); and (3) Hawkins v. Marin Sheriff, N. D. Cal. Case No. C 03-2360 SI (civil rights action dismissed for failure to state a claim upon which relief may be granted). The court made its evaluation of these cases based on the dismissal orders in them. See Andrews, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

2

1    In light of these dismissals, and because Hawkins does not appear to be under imminent
2    danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later
3    than **April 11, 2008** why in forma pauperis should not be denied and this action should not be
4    dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why this action
5    should not be dismissed, Hawkins may avoid dismissal by paying the full $350.00 filing fee by
6    the deadline.
7    IT IS SO ORDERED.
8    Dated: March 4, 2008

_____
SUSAN ILLSTON
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HOMER E. HAWKINS,

    Plaintiff,

v.

DEBORAH DEXTER et al,

    Defendant.

Case Number: CV07-05012 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Homer Earl Hawkins
C-55875
Ironwood State Prison
PO Box 2199
Blythe, CA 92226

Dated: March 5, 2008

    Richard W. Wieking, Clerk
    By: Tracy Sutton, Deputy Clerk